IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA, | § | No. 1:25-CV-1023-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SPOTIFY TECHNOLOGY S.A., et al., | § | |
| | § | |
| Defendants. | § | |

_____

**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING
PLAINTIFF'S MOTIONS; (3) DISMISSING PLAINTIFF'S CLAIMS WITH
PREJUDICE**

Before the Court is: (1) a Report and Recommendation (the "Report")

(Dkt. # 7) submitted by United States Magistrate Judge Dustin M. Howell; and (2)

no less than twenty-one motions and other filings (Dkts. ## 2, 3, 8–20, 22–24, 29–

31) by Pro Se Plaintiff Joseph Anthony Reyna ("Plaintiff" or "Reyna") (d/b/a

JoeCat, LLC and Dreams Over Dollars).  The Court finds these matters suitable for

disposition without a hearing.  After reviewing the Report, the Court **ADOPTS**

Judge Howell's recommendations and **DISMISSES WITH PREJUDICE**

Plaintiff's causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B).  Accordingly,

Plaintiff's pending motions (Dkts. ## 2, 3, 8, 9, 10, 11, 12, 16, 17, 18, 19, 20, 23,

29, 30, 31) are **DENIED AS MOOT**.  The Court **WARNS** Plaintiff that

continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

<u>BACKGROUND</u>

Plaintiff, who identifies himself as a "[v]ictim of media ghosting," filed this complaint on June 26, 2025, against Spotify Technology, S.A., Spotify USA Inc., Distrokid Inc., and Doe Corporate Defendant 1-50 (together, "Defendants") based on his negative experience with "Spotify Wrapped," which is "publicly advertised as a personalized, year-end engagement summary" that Plaintiff accuses of operating as "an engineered loyalty mechanism rooted in inflated or falsified metrics" that "exemplifies Spotify's broader engagement laundering strategy." (Dkt. # 1 at 4, 16.) Plaintiff lists fifteen causes of action stemming from his dissatisfaction with the digital-music steaming service, including claims under the "Texas Unclaimed Property Act" and for "international cultural-rights violations." (<u>Id.</u> at 20–23.) Plaintiff also attached to his complaint an exhibit purporting to show Spotify's refusal to accept service of process of an "[a]micus [f]iling" in a separate lawsuit. (Dkt. # 1-2, at 3.)

On September 23, 2025, Judge Howell issued his Report, recommending dismissal of Plaintiff's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and deny as moot Plaintiff's other pending motions.

(Dkt. # 7.)  Judge Howell also issued a frivolous litigant warning.  Plaintiff filed his objections to the Report on October 8, 2025.  (Dkt. # 25.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's

objections are based upon.  See <u>Palomo v. Collier</u>, No. 2-23-CV-37, 2024 WL

180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); <u>Malacara</u>

<u>v. Garber</u>, 353 F.3d 393, 405 (5th Cir. 2003); <u>Edmond v. Collins</u>, 8 F.3d 290, 293

n.7 (5th Cir. 1993)).

ANALYSIS

In his Report, Judge Howell determined that Plaintiff's complaint

"consists entirely of his personal grievances with 'Spotify Wrapped' and other

features of the digital-music streaming service; his claims lack any factual or legal

basis. Reyna has thus failed to plead sufficient facts to invoke the jurisdiction of

this Court or state any of his claims against Defendants."  (Dkt. # 7 at 3–4)

(citations omitted).

Plaintiff objects that the Report prematurely recommends dismissal of

the case without hearing or discovery and that dismissal under § 1915 cannot rest

on factual disputes.  (Dkt. # 25 at 2.)  He also objects that the Report fails to apply

the liberal construction standard for pro se pleadings; his claims are not frivolous

because they present an arguable basis in law or fact; dismissal violates his Fifth

Amendment due process rights and First Amendment right to petition; dismissal

denies his Seventh Amendment right to have factual disputes resolved by a jury;

and that § 1915(e)(2)(B) does not authorize factual adjudication.  (<u>Id.</u> at 2–3.)

First, Plaintiff's conclusory objections will be overruled.  "Conclusory

4

objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objection is based upon.  See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

To the extent that Plaintiff objects that he did not get a hearing or opportunity to amend prior to Judge Howell's recommendation to dismiss, this objection is without merit.  The purpose of 28 U.S.C. § 1915(e)(2)(B) is to screen cases and dismiss frivolous claims.  Upon concluding that a case must be dismissed under § 1915(e)(2)(B), a district court retains the discretion to determine whether the case will be dismissed with or without prejudice.  Castillo v. Blanco, 330 F. App'x 463, 466 (5th Cir. 2009).  "Though the statute is silent as to whether this dismissal should be with or without prejudice . . . cases are appropriately dismissed with prejudice when 'evidence exists of bad faith, manipulative tactics, or litigiousness.'"  Id. (quoting Lay v. Justices-Middle District Court, 811 F.2d 285, 286 (5th Cir. 1987) (recognizing that dismissal with prejudice "is an extreme sanction that should only be imposed when evidence exists of bad faith, manipulative tactics, or litigiousness") (citations omitted)).  Plaintiff has filed thirteen cases in this district in the past four months

5

alone, two of which were dismissed under § 1915 as frivolous.  See Reyna, et al. v. DaVita Inc., 1:25-cv-1029-RP; Reyna, et al. v. Tex. Med. Liab. Tr., 1:25-cv-1105-ADA.  Given his litigious history and the frivolous nature of his current claims, the Court finds that dismissal with prejudice is appropriate.

To the extent that Plaintiff objects that his claims contain factual disputes inappropriate for dismissal, this objection is without merit.  Judge Howell recommended dismissal for failure to state a claim.  (See id. at 4.)  Even under the lenient pleading standards for pro se litigants, Plaintiff has failed to allege any facts that would support a legitimate cause of action.  See Bell Atl. v. Twombly, 550 U.S. 544, 555-57 (2007) (noting that Federal Rule of Civil Procedure 8 requires a pleading to contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement"); Atakapa Indian de Creole Nation v. Louisiana, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting Oneida Indian Nation of N.Y. v. Oneida Cnty., 414 U.S. 661, 666 (1974)).

Based on the foregoing and given his detailed consideration, the Court finds that Judge Howell's rulings in this matter were not clearly erroneous. Therefore, the Court will overrule Plaintiff's objections, and the Report will be

adopted.  The Court will dismiss with prejudice Plaintiff's claims pursuant to 28

U.S.C. § 1915(e)(2)(B) and deny as moot Plaintiff's other pending motions.

Lastly, the Court warns Plaintiff that continuing to file frivolous or duplicative

suits in this court may result in imposition of monetary sanctions and a pre-filing

bar.

CONCLUSION

Based on the foregoing, the Court: (1) **ADOPTS** Judge Howell's

Report and Recommendation (Dkt. # 7) as the opinion of the Court; and (2)

**DENIES AS MOOT** Plaintiff's pending motions (Dkts. ## 2, 3, 8, 9, 10, 11, 12,

16, 17, 18, 19, 20, 23, 29, 30, 31).  It is further **ORDERED** that Plaintiff's claims

in this case are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  The Court again **WARNS** Plaintiff that continuing to file

frivolous or duplicative suits in this court may result in imposition of monetary

sanctions and a pre-filing bar.  The Clerk's Office is **INSTRUCTED** to **ENTER**

**JUDGMENT** and **CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, October 22, 2025.

_____
David Alan Ezra
Senior United States District Judge